In re ESTATE OF NELLIE PORTER.

WILKINSON & MILLER, Appellants, v. ESTATE OF NELLIE PORTER et al., Appellees.

No. 40699.

APRIL 10, 1931.

*Whitney, Whitney & Stern,* for appellants.

*C. H. Wegerslev,* for appellee.

MORLING, J.—Samuel C. Porter died April 2, 1930, leaving no property. On the next day his wife, Nellie G. Porter, died, leaving an estate which may be insolvent. Claimants provided for the burial of the husband casket and services, $265, burial vault, $90, embalming and use of hearse, $45, flowers, $25,—a total of $425. They furnished the same funeral for the in-

testate. The reasonable value of the personal services rendered by claimants in embalming the body of the husband was $30, and in conducting the funeral, $65. The contention of the claimants is that their services were a reasonable and necessary expense of the family, chargeable to both husband and wife, under Section 10459, Code, 1927; that funeral expenses are a preferred claim, at common law and by statute; and that they are, therefore, entitled to preference in payment. The trial court allowed the claim in its entirety, as one of the third class, and gave preference in payment to the $95 as a labor claim, under Section 11971, but otherwise denied preference. The administrator has not appealed, and the propriety of the allowance of the claim as one of the third class against the estate, or of the $95 as a labor claim, is not before us for consideration.

Section 11969, Code, 1927, provides:

"As soon as the executor or administrator is possessed of sufficient means over and above the expenses of administration, he shall pay off the charges of the last sickness and funeral of deceased, and next, any allowance made by the court for the maintenance of the widow and minor children."

Section 11970 provides:

"Other demands against the estate shall be payable in the following order:

"1. Debts entitled to preference under the laws of the United States.

"2. Public rates and taxes.

"3. Claims filed within six months after the first publication or posting of the notice given by the executors or administrators of their appointment.

"4. All other debts.

"5. Legacies and the distributive shares, if any."

By these sections the legislature (so far as we are at present concerned) has prescribed, as it is within its province to do, the order of the payment of demands against a decedent's estate. The priority given is to "the charges of the last sickness and funeral of deceased;" not to family expenses; not to the funeral expenses of members of the family of the decedent. It is not for the court to enlarge the priority fixed by the statute, or to

engraft upon it right of priority for other charges or demands. The claim to preference in payment of charges for funeral of the husband of the decedent is without statutory basis, and was properly disallowed.—*Affirmed.*

FAVILLE, C. J., and EVANS, STEVENS, ALBERT, KINDIG, WAGNER, and GRIMM, JJ., concur.